J-S16013-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSEPH SENTORE COLEMAN JR. | : | |
| | : | |
| Appellant | : | No. 42 MDA 2024 |

Appeal from the PCRA Order Entered December 7, 2023
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s):  CP-41-CR-0000090-2017

BEFORE:  LAZARUS, P.J., BOWES, J., and LANE, J.

JUDGMENT ORDER BY LAZARUS, P.J.:    **FILED: AUGUST 21, 2025**

Joseph Sentore Coleman, Jr., appeals from the order, entered in the Court of Common Pleas of Lycoming County, denying his petition filed pursuant to the Post Conviction Relief Act (PCRA).  *See* 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

Following trial on February 13-15, 2019, a jury convicted Coleman of two counts of second-degree murder and related offenses.[1]  On November 20, 2019, the trial court sentenced Coleman to two consecutive terms of life imprisonment.  Coleman filed post-trial motions, which were denied.  On direct appeal, Coleman raised eight issues for review, and this Court affirmed.  *See*

---

[1] Coleman waived his right to a jury trial on related firearms offenses, and the court found him guilty of persons not to possess a firearm, but acquitted him of a charge of possession of a firearm without a license

***Commonwealth v. Coleman***, 260 A.3d 115 (Pa. Super. 2021) (Table). Coleman did not seek allowance of appeal in the Pennsylvania Supreme Court.

On March 24, 2022, Coleman filed a *pro se* PCRA petition. The court appointed counsel, who filed an amended PCRA petition. On December 7, 2023, the PCRA court denied Coleman's petition. This timely appeal followed. Both Coleman and the PCRA court have complied with Pa.R.A.P. 1925. Coleman raises the following issues on appeal:

1. Whether error occurred where the trial court attempted to engage in improper negotiations.

2. Whether the trial court failed to properly instruct the jury regarding corrupt source testimony.

3. Whether error occurred where the trial court permitted an exhibit containing inadmissible information to be presented to the jury.

Appellant's Brief, at 7. Coleman argues each of these alleged errors violated his constitutional rights. ***Id.*** at 12-13.

None of Coleman's claims was preserved before the trial court or on direct appeal. Thus, he has waived all three of his claims for PCRA purposes.[2] ***See*** 42 Pa.C.S.A. § 9543(a)(3) ("To be eligible for relief under this subchapter,

---

[2] Appellate counsel makes no argument with respect to trial counsel's or direct appeal counsel's ineffectiveness, presumably because the PCRA court stated in its Pa.R.Crim.P. 907 notice of intent to dismiss that, even if the claims were asserted as ineffectiveness claims, Coleman would "not be entitled to relief because the claims lacked merit or [Coleman] was not prejudiced." ***See*** PCRA Court Opinion, 12/8/23. We agree with the PCRA court's opinions below and, if we did not find waiver, would find no merit to any of the issues presented. ***See*** PCRA Court Opinion, 1/19/23, at 3-8; ***see also*** Opinion and Order, 12/8/23, at 2-3.

the petitioner must plead and prove by a preponderance of the evidence []
[t]hat the allegation of error has not been previously litigated or waived."); *id.* at § 9544(b) ("[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal[,] or in a prior state postconviction proceeding."). *See also Commonwealth v. Albrecht*, 720 A.2d 693, 700 (Pa. 1998) (application of relaxed waiver doctrine in PCRA proceeding runs afoul of very terms of PCRA, which excludes waived issues from class of cognizable PCRA claims).

Specifically, in his first issue, Coleman argues that the court's statement, "Well I suppose you could enter a plea and that would take care of that[,]" violated his due process rights. *See id.* at 15. Coleman could have raised this issue before the trial court or on direct appeal, but, instead, he has raised it on collateral appeal for the first time. Accordingly, he is not entitled to relief.

Next, Coleman argues he was "denied his constitutional rights" because the trial court failed to properly instruct the jury regarding corrupt source testimony. *See* Appellant's Brief, at 12. This claim is also waived. Coleman failed to object at trial or raise the argument on direct appeal. *See* 42 Pa.C.S.A. §9543(a)(3); *id.* at § 9544(b).

In his final issue, Coleman claims the trial court erred in permitting an exhibit that contained inadmissible polygraph information pertaining to a witness for the Commonwealth to be presented to the jury. *See* Appellant's

Brief, at 21. Coleman did not object to this at trial. Therefore, this claim, too,

is waived. **See** 42 Pa.C.S.A. § 9543(a)(3); **id.** at § 9544(b).

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 08/21/2025